OPINION OF THE COURT
Howard S. Miller, J.
Defendant moves to dismiss this action pursuant to CPLR 3211 on the grounds that it is time-barred, that the plaintiffs have failed to comply with various provisions of the General Municipal Law, that the plaintiffs state a moot cause of action or fail to state any cause of action, and finally, that the plaintiffs have failed to exhaust administrative remedies. *672 Plaintiffs oppose the motion solely with a late filed attorney’s affirmation, incorrectly labeled “Reply Affirmation.” The plaintiffs’ complaint alleges a series of causes of action in tort for money damages all arising out of the defendant’s alleged failure to provide proper accommodations for plaintiff Jessica DiBrita’s learning disabilities, and the defendant’s alleged abusive behavior when confronted on the issue.
The United States Congress has established a national policy in regard to students with learning disabilities. It is embodied in the Individuals with Disabilities Education Act (20 USC § 1400 et seq. [IDEA]). Under IDEA, parents who are dissatisfied with a school district’s accommodations of their child’s learning disabilities may seek review by an impartial hearing officer, and if necessary may appeal to the state education agency. Most significantly for purposes of this case, parents are required to exhaust those administrative remedies before commencing suit. (20 USC § 1415 [1].) The court in Sabur ex rel. Kessler v Brosnan (203 F Supp 2d 292, 299) summarized the intent of that provision, as follows:
“The IDEA’S exhaustion requirement was intended to channel disputes related to the education of disabled children into an administrative process that could apply administrators’ expertise in the area and promptly resolve grievances. The exhaustion requirement prevents courts from undermining the administrative process and permits an agency to bring its expertise to bear on a problem as well as to correct its own mistakes. Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children.” (Internal quotation marks and citations omitted.)
The defendant alleges that the plaintiffs have failed to exhaust their administrative remedies, and there is no affidavit from the plaintiffs to the contrary based on personal knowledge. There is no affidavit at all from the plaintiffs alleging that the matter was referred to a hearing officer, or that the officer’s decision was appealed to the state education agency. Therefore, for purposes of this motion, it is undisputed that the plaintiffs have failed to exhaust their administrative remedies.
*673 That being so, the defendant alleges, based on several federal cases, that the matter must be dismissed for lack of subject matter jurisdiction. That conclusion does not necessarily follow. Federal courts are courts of limited jurisdiction, and derive their powers solely from the Constitution and federal statutes. If a federal court finds that it has no jurisdiction under IDEA to hear a dispute between a New York resident and a New York school district, that is the end of its federal subject matter jurisdiction. It has no independent basis of subject matter jurisdiction. Such is not the case with this court, which has general jurisdiction to hear tort claims where the amount in dispute does not exceed $15,000.* For that reason, federal cases finding a lack of subject matter jurisdiction, in a case of failure to exhaust administrative remedies, are inapposite.
Therefore, this action will not be dismissed for lack of subject matter jurisdiction at this time. The court, however, does believe that the IDEA procedures should have been followed by the plaintiffs before this case was ripe for adjudication. It may be that all of the outstanding disputes can be resolved in the administrative process by persons who have expertise in the subject matter. In any event, the court would benefit from the application of that expertise to develop a record in this matter, as the court in Sabur (supra) indicated. To allow this case to proceed would undermine the statutory purpose of IDEA.
For that reason, the court elects to stay further proceedings in this matter pursuant to CPLR 2201 until the plaintiffs have convened a hearing before an impartial hearing officer, and have appealed any unfavorable decision to the state education agency. Defendant’s motion to dismiss on alternate grounds is held in abeyance pending the stay.

 Plaintiffs would be well advised to consider whether this action ultimately should be transferred to the Supreme Court under CPLR 325 after administrative remedies have been exhausted. If the plaintiffs’ several causes of action are ultimately adjudged to be merely several items of damages arising out of the same cause of action, this court lacks subject matter jurisdiction.